UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| QUINTON P BROWN,<br><br>                Plaintiff,<br><br>    v.<br><br>GARY WAKEMAN,<br><br>                Defendants. | Case No. C18-5416-BHS-TLF<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION AND RE-NOTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

Plaintiff is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. §1983 civil rights action. Dkts. 4, 5. Plaintiff moves to "stay" consideration of defendants' motion for summary judgment (Dkt. 31) under Federal Rule of Civil Procedure 56(d) to March 15, 2019, to allow him to obtain additional evidence. Dkt. 38. Defendants oppose plaintiff's motion arguing an extension is not appropriate under Fed. R. Civ. P. 56(d). Dkt. 40. Plaintiff filed a reply. Dkt. 41.

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." However, Federal Rule of Civil Procedure 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). Under Rule 56(d), if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain

affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

In order to prevail under Rule 56(d), the party opposing summary judgment must make "'(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox,* 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.,* 784 F.2d 1472, 1475 (9th Cir. 1986)).

Though the conduct of discovery is generally left to a district court's discretion, summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined *pro se* plaintiffs. *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988) […] Thus, summary judgment in the face of requests for additional discovery is appropriate only where such discovery would be 'fruitless' with respect to the proof of a viable claim." *Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004). The Ninth Circuit has held a Rule 56(d) continuance "should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Burlington N. Santa Fe R.R. Co. v. The Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773–74 (9th Cir. 2003) (internal quotation marks and citations omitted).

Plaintiff indicates he is in the process of obtaining a declaration from another inmate, a member of the Muslim group at Stafford Creek, which will establish the Muslim group had no outside sponsor but that members were permitted to continue to attend Jumu'ah services in the last four months of 2016. Dkt. 38, at 4-5. Plaintiff indicates that in order to obtain this declaration he must comply with Department of Corrections offender to offender correspondence procedures which takes approximately 30 days in order to obtain authorization from the

ORDER GRANTING PLAINTIFF'S MOTION FOR
EXTENSION AND RE-NOTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT - 2

superintendents from each prison and send and receive correspondence. *Id.*, at 3. Accordingly, plaintiff requests the Court defer consideration of defendants' motion for summary judgment until March 15, 2019, and allow him to submit his response to the motion on March 11, 2019. *Id.*, at 9. Defendants oppose plaintiff's request on the grounds that the declaration he seeks is irrelevant to the determination of defendants' motion and will not be based on personal knowledge.

The Court cannot conclude that the additional evidence plaintiff seeks additional time to obtain would be fruitless with respect to the proof of a viable claim. Plaintiff's claims relate to an alleged pattern or practice of discrimination by prison officials toward Jewish inmates in denying them worship services while showing preferential treatment of Muslim and other non-Jewish religious and secular inmates in facilitating and accommodating their worship services. *See* Dkt. 5, at 63. Although defendants contend the declaration in question here will be irrelevant, the Court notes that defendants have submitted evidence in support of their motion that "[u]nlike Mr. Brown's group, the Muslim inmates always had a contract chaplain for their services at SCCC." Dkt. 31, at 6. Plaintiff contends the declaration he seeks to obtain would contradict defendants' evidence on this point. Dkt. 38. The Court cannot conclude at this point that such evidence would necessarily be irrelevant or immaterial to plaintiff's claim or to the determination of defendants' motion. The Court also declines to speculate on whether or not the declaration in question, which is not yet before the Court, will or will not be based on personal knowledge.

The Court notes that it appears plaintiff has pursued discovery diligently in this case and that the reason he is requesting a short extension is that, as a confined *pro se* plaintiff, he must comply with additional DOC policy requirements in order to obtain the evidence he seeks. Under the circumstances, the Court finds a short extension is appropriate to ensure all parties have the opportunity to be fully heard on defendants' motion.

ORDER GRANTING PLAINTIFF'S MOTION FOR
EXTENSION AND RE-NOTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT - 3

Accordingly, the Court **GRANTS** plaintiff's motion (Dkt. 38) as follows:

1. Defendants' motion for summary judgment (Dkt. 31) is continued to **March 22, 2019**.

2. Plaintiff's response to defendants' motion for summary judgment must be filed by **March 18, 2019**. Defendants' reply is due by **March 22, 2019**.

3. The Clerk is directed to re-note defendants' motion for summary judgment (Dkt. 31) for **March 22, 2019**.

4. The Clerk is directed to provide a copy of this order to plaintiff and counsel for defendants.

Dated this 6th day of March, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge